

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 20, 2023

**BY EMAIL AND ECF**
The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Franklin Ray*, 22 Cr. 228 (AT)

Dear Judge Torres:

    The Government writes in response to the defendant's letter motion from earlier today, seeking a six-day adjournment of the sentencing in this case, which is presently scheduled for November 21, 2023. As indicated in the defendant's letter, the Government opposes the request for an adjournment.

    As the Court is aware, the defendant pled guilty on March 28, 2023. His sentencing was initially scheduled for July 25, 2023. It was thereafter adjourned to October 10, 2023 and, ultimately, to November 21, 2023. There are hundreds of victims in this case, many of whom have expressed keen interest in attending the defendant's sentencing remotely, and at least one of whom has made travel plans to personally appear at the sentencing and provide a statement. That victim is planning to fly to New York City tomorrow morning – i.e., the Tuesday before Thanksgiving.

    In light of these circumstances, the Court should not adjourn the sentencing because of the so called "discrepancies" between the Government's proposed restitution figures and the defendant's. To be clear, there is no reason to believe that the "discrepancies" at issue will amount to "millions of dollars," as suggested by the defendant. Rather, in light of the scope and magnitude of the defendant's fraudulent conduct, any such discrepancies – even if resolved in the defendant's favor – are unlikely to be material to the appropriate sentence in this case.

    The Government shared proposed restitution figures with the defendant on November 5, 2023 – more than two weeks in advance of the sentencing date. Since that date, the Government and the defendant have engaged in discussions regarding the appropriate restitution figure for each victim. In the course of these discussions, the Government has identified at least one victim for whom the proposed restitution figure in the November 5 chart was overstated and needs to be corrected. That discrepancy has *already* been identified and corrected. There is no basis to believe that any other identified discrepancies will result in millions of dollars in additional corrections.

    Pursuant to 18 U.S.C. § 3664(d)(5), if victims' losses are not ascertainable prior to sentencing for purposes of restitution, the Court shall "set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." *See also Dolan v. United States*, 560 U.S.

November 20, 2023
Page 2

605, 608 (2010) ("[A] sentencing court that misses the 90-day deadline [for a final determination of the victim's losses pursuant to 18 U.S.C. § 3664(d)(5)] nonetheless retains the power to order restitution – at least where…the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount.").

If the Government and defendant cannot agree on restitution figures in advance of tomorrow's sentencing, the Government will propose a restitution order that contains its own calculation of the appropriate restitution. If the defendant does not consent to those figures, the Court can order it over his objection and/or set a date for the final determination of the victim's losses, consistent with 18 U.S.C. § 3664(d)(5) and *Dolan*. There is no reason not to proceed with sentencing as scheduled tomorrow.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Matthew Weinberg
Assistant United States Attorney
(212) 637-2386

Cc (by ECF and Email): Anthony Strazza, Esq.