USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
       :
UNITED STATES OF AMERICA       :
       :   CONSENT SECOND
   - v. -       :   PRELIMINARY ORDER OF
       :   FORFEITURE AS TO
FRANKLIN RAY,       SPECIFIC PROPERTY
       :   S1 22 Cr. 228 (AT)
   Defendant.       
       :
------------------------------------- x

       WHEREAS, on or about March 28, 2023, FRANKLIN RAY (the "Defendant"), was charged in a five-count Superseding Information, S1 22 Cr. 228 (AT) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343, 3147, and 2 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two through Four); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1), 1028A(b), and 2 (Count Five);

       WHEREAS, the Information included a forfeiture allegation as to Counts One and Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information;

       WHEREAS, the Information included a second forfeiture allegation with respect to Counts Two and Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the commission of the offenses charged in

Counts Two and Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Four of the Information;

WHEREAS, on or about March 28, 2023, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $42,128,912.00 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information; and (ii) all right, title and interest of the Defendant in certain property the Specific Property;

WHEREAS, on or about March 30, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment imposing, *inter alia*, a forfeiture money judgment in the amount of $42,128,912.00 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained (the "Money Judgment");

WHEREAS, the has Government identified the following additional property as constituting proceeds traceable to the commission of the offenses described in Counts One through Four the Information:

    a)     $71,650 in United States currency seized on or about March 2, 2022 from the Defendant's residence on Poppleton Road, Canton MI;

    b)     A 2016 Kenworth Construction Tractor, Vehicle Identification Number ("VIN") 1XKYDP9X6GJ109362;

    c)     A 2016 Kenworth T680 Tractor, VIN 1XKYDP9X6GJ109314;

   d)  A 2016 Kenworth Construction Tractor, VIN 1XKYDP9X4GJ10358;

   e)  A 2016 Kenworth T680 Tractor, VIN 1XKYDP9X1GJ109284;

   f)  A 2021 GMC Yukon, VIN 1GKS2AKD5MR196421; and

   g)  A 1968 Chevy Camaro purchased on or about August 18, 2021 with Michigan license plate FLAVTWN, VIN 124678N412611

(a. through g., collectively, the "Specific Property");

  WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds of the offenses charged in Count One through Four of the Information; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

  IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Matthew Weinberg of counsel, and the Defendant, and his counsel, Anthony Strazza, Esq., that:

  1.  As a result of the offenses charged in Count One through Four of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Second Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, FRANKLIN RAY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith..

3. Upon entry of this Consent Second Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Second Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Case 1:22-cr-00228-AT   Document 97   Filed 11/28/23   Page 6 of 6

10. The signature page of this Consent Second Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    11/28/23
    MATTHEW WEINBERG                      DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2386


FRANKLIN RAY

By: _____    11/20/2023
    FRANKLIN RAY                          DATE

By: _____    11/28/23
    ANTHONY STRAZZA, ESQ.                 DATE
    Attorney for Defendant
    245 Main Street, Suite 420
    White Plains, NY 10601


SO ORDERED:

_____          11/28/2023
HONORABLE ANALISA TORRES                 DATE
UNITED STATES DISTRICT JUDGE