```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

FRANKLIN RAY,

                       Defendant.

22 Cr. 228-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By undated letter received on February 4, 2025, Defendant *pro se*, Franklin Ray, moves for an order compelling certain attorneys who, at different times, represented him in this matter to turn over "case/work product files," including, but not limited to, "Case Agents Affidavits, Police Investigation Reports, Pre-trial Motions, Notes, Rough Notes, Drafts, Back and Forth Communications with the AUSA, also with Pre-trial services, any and all discovery material, any and all court orders, any and all pertinent and relevant information and all transcripts that they may have." ECF No. 131 at 1.

    The Court forwarded the motion to attorneys John Zach, Anthony Strazza, Christopher Madiou, and David Wikstrom for a response. The attorneys confirmed via email that they received requests for materials from Mr. Ray. The attorneys confirmed that each time Mr. Ray's counsel was substituted, the previous attorney made all materials in the case available to the new attorney. Mr. Ray's most recent attorney, Mr. Zach, states that he transmitted copies of certain materials to Mr. Ray in or about June 2024, and that all other material Mr. Ray seeks is either not in Mr. Zach's possession or has been designated by the Government as "Attorney's Possession Only" pursuant to the protective order entered on May 23, 2022. ECF No. 30.

    Under the protective order, materials deemed "Confidential," except those made part of the record in this case, were to be returned to the Government or securely destroyed within 30 days of the expiration of the period for direct appeal. *Id.* ¶ 11. Accordingly, none of Mr. Ray's former attorneys should have any materials designated "Confidential." Additionally, materials designated by the Government as "Attorney's Possession Only" may "not be possessed by the [D]efendant, except in the presence of the [D]efendant's counsel." *Id.* ¶ 7. The provisions of the protective order do "not terminate at the conclusion of this case," however the Defendant may, at any time, "seek leave from the Government to alter the designations for materials designated as Confidential," including materials designated "Attorney's Possession Only." *Id.* ¶¶ 9, 13. "The Government's designation of material as Confidential . . . will be controlling absent contrary order of the Court." *Id.* ¶ 9.

    In sum, it appears that Mr. Ray has received all of the materials that could be shared with him at this time.[1] It does not appear from the record that Defendant has requested that the

---

[1] At least some of the materials sought by Defendant, including "communications with the Court," "Any and all Court Orders," "Any and all pretrial Motions," and "Any and all transcripts," are available on the public docket. ECF No. 131 at 4.

Government redesignate material currently marked as Confidential, including material marked as Attorney's Possession Only. Accordingly, Defendant's motion to compel is DENIED as unripe.

      The Clerk of Court is respectfully directed to terminate the motion at ECF No. 131 and to mail a copy of this order, as well as the protective order at ECF No. 30, to Defendant *pro se* at the following address:

    Franklin Ray 31163-039
    Federal Correctional Institution
    P.O. Box 1000
    Oxford, Wisconsin
    53952

    SO ORDERED.

Dated: February 24, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge