```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

FRANKLIN RAY,

Defendant.

22 Cr. 228-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 30, 2025, the Court received a letter dated April 14 from Defendant *pro se*, Franklin Ray, requesting leave from the Government to alter the designation of materials designated as Confidential, including material designated Attorney's Possession Only ("APO"), under the Protective Order dated May 23, 2022. ECF No. 133; *see* Protective Order ¶ 9, ECF No. 30. The Court directed the Government to respond to Ray's letter. ECF No. 134.

In its response, the Government construes Ray's letter as a request to alter the designation of certain APO materials.[1] ECF No. 135 at 1. Under the Protective Order, APO materials "shall not be possessed by the [D]efendant, except in the presence of the [D]efendant's counsel[,] and shall not be disclosed in any form." Protective Order ¶ 7. The Order provides, however, that "the defense may seek leave from the Government," "[a]t any time," "to alter the designations for materials designated as Confidential," including APO-designated material. *Id.* ¶ 9. "The Government will promptly review such [r]equested [m]aterial and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the [r]equested [m]aterial cannot be designated or shared in the manner requested." *Id.* "The Government's designation of material as Confidential," including its designation of material as APO, "control[s] absent contrary order of the Court." *Id.*

The Government contends that the APO-designated materials in this matter "are bank records and/or other sensitive documents containing personal information of third parties." ECF No. 135 at 1–2. Citing Ray's fraud scheme and his current incarceration, the Government contends that disclosing the material to Ray outside the presence of counsel would pose a "clear[]" and "particular risk of affecting the privacy and confidentiality" of third parties. *Id.* at 2.

The Government's letter does not address whether any of the APO-designated material requested by Ray could be disclosed with appropriate redactions. Accordingly, by **June 12, 2025**, the Government shall file a supplemental response to Ray's motion explaining whether the requested materials could be disclosed subject to redactions and, if so, proposing such redactions and explaining why they are appropriately tailored. In connection with its supplemental response, the Government may provide the Court with unredacted copies of APO materials for *in*

---

[1] The Government also construes Ray's letter as a request for the production of certain discovery materials. *See* ECF No. 135 at 1. The Court agrees with the Government that Ray is not entitled to additional discovery in this matter at this time. *See id.* at 2.

*camera* review. Such supplemental response will "facilitate the Court's consideration of [the] dispute[] regarding the [r]equested [m]aterial." Protective Order ¶ 9.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant *pro se* at the following address:

> Franklin Ray 31163-039
> Federal Correctional Institution
> P.O. Box 1000
> Oxford, Wisconsin 53952

SO ORDERED.

Dated: May 22, 2025
New York, New York

ANALISA TORRES
United States District Judge