UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

FRANKLIN RAY,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2025
```

22 Cr. 228-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On April 30, 2025, the Court received a letter dated April 14 from Defendant *pro se*, Franklin Ray, requesting leave from the Government to alter the designation of materials designated as Confidential, including material designated "Attorney's Possession Only" ("APO"), under the Protective Order dated May 23, 2022. ECF No. 133; *see* Protective Order ¶ 9, ECF No. 30.

      Under the Protective Order, APO materials "shall not be possessed by the [D]efendant, except in the presence of the [D]efendant's counsel[,] and shall not be disclosed in any form." Protective Order ¶ 7. The Order provides, however, that "the defense may seek leave from the Government," "[a]t any time," "to alter the designations for materials designated as Confidential," including APO-designated material. *Id.* ¶ 9. "The Government will promptly review such [r]equested [m]aterial and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the [r]equested [m]aterial cannot be designated or shared in the manner requested." *Id.* "The Government's designation of material as Confidential," including its designation of material as APO, "control[s] absent contrary order of the Court." *Id.*

      The Government represents that it has reviewed the material that Ray seeks, which comprises "bank records and/or other sensitive documents containing personal information of third parties." ECF No. 135 at 1–2. Having reviewed the material, the Government claims that disclosing it to Ray would pose a "clear[]" and "particular risk of affecting the privacy and confidentiality" of third parties. *Id.* at 2. By order dated May 22, 2025, the Court directed the Government to assess whether the material could be disclosed subject to narrowly tailored redactions. ECF No. 136. In response, the Government contends that the materials "are generally not conducive to redaction," because "even if the Government were to redact social security numbers, addresses, and/or other personally identifiable information, the materials would still contain personal financial and/or sensitive information." ECF No. 137. In short, the Government believes it would be fruitless to disclose the material with redactions because the material would be almost entirely redacted.

      The Court finds that the Government has adequately explained "why the [r]equested [m]aterial cannot be designated or shared in the manner requested" by Ray. Protective Order ¶ 9. Accordingly, Ray's motion, ECF No. 133, is DENIED.

2

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant *pro se* at the following address:

Franklin Ray 31163-039
Federal Correctional Institution
P.O. Box 1000
Oxford, Wisconsin 53952

SO ORDERED.

Dated: June 16, 2025
New York, New York

ANALISA TORRES
United States District Judge